DA 10-0135

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 262N

IN RE THE MARRIAGE OF:

VIRLENE GEAN GILCHER,

       Petitioner and Appellant,

  and

HENRY STEVENSON MAXIE,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDR 05-016
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       David G. Dennis, Attorney at Law, Great Falls, Montana

       For Appellee:

       Tonja D. Schaff, Attorney at Law, Great Falls, Montana

Submitted on Briefs:  October 27, 2010

Decided:  December 14, 2010

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Virlene Gilcher (Gilcher) appeals the order of the District Court granting primary parenting of their son, O.G., to her former husband, Henry Maxie (Maxie).  We reverse and remand.

¶3     We review the following issue on appeal:

¶4     *Did the District Court abuse its discretion when it ordered the final parenting plan without demonstrating that it considered the contents of the court-ordered psychological evaluation?*

FACTUAL AND PROCEDURAL BACKGROUND

¶5     Gilcher petitioned for dissolution of her marriage to Maxie in early 2005.  The District Court held a trial in May 2006 to divide their marital estate and set a parenting plan for their infant son.  The court issued a preliminary parenting plan on June 9, 2006, that granted primary parenting to Gilcher.  The court incorporated the preliminary parenting plan into the final decree of dissolution that it issued on the same day.

¶6     The final decree of dissolution required both Gilcher and Maxie to enter and complete successfully anger management classes and a co-parenting class.  The final decree of

2

dissolution further required Maxie to obtain a psychological evaluation and submit the psychologist's report to the court and counsel pursuant to § 40-4-215, MCA. The final decree of dissolution also expressly stated that the parenting plan would remain subject to modification until the results from the classes and Maxie's psychological evaluation were known. The court ordered that a final parenting plan could be adopted after either party requested a further hearing based on the results of the classes and psychological evaluation.

¶7 Maxie and Gilcher entered and completed anger management classes and a co-parenting class. Maxie also completed a psychological evaluation with Dr. Anne Rundle in 2007. Dr. Rundle submitted a report from the psychological evaluation to the court on May 2, 2007. The court ordered that the psychological evaluation be sealed in the court file. The court granted access to the evaluations only to the parties' counsel.

¶8 Maxie filed notice of his intention to move to Indiana on June 17, 2009. Maxie also requested that the parenting plan be modified so that Maxie could take O.G. to Indiana. Gilcher filed her own proposed parenting plan in August and proposed that she remain the primary parent of then four-year-old O.G. The court held a status hearing and set trial for December 9, 2009, with the purpose of adopting a permanent parenting plan.

¶9 Gilcher appeared pro se at the hearing on December 9, 2009. Maxie testified that he and Gilcher were reconciling, that he was moving to Indiana to attend graduate school, and that he had a house, insurance, and other provisions to care for O.G. Gilcher testified that she and Maxie were reconciling and that she hoped to move to Indiana. Gilcher testified, however, that she wanted O.G. to remain with her in Great Falls until she moved to Indiana.

3

¶10    The court issued its findings of fact, conclusions of law, and final decree of parenting on February 2, 2010. The final decree made Maxie the primary parent and allowed Maxie to take O.G. to Indiana. The court found that Maxie had fulfilled his obligations to complete an anger management class, a co-parenting class, and a psychological evaluation. The court further found that "[n]either party raised any mental issues at this hearing that would affect either parent's ability to parent." Based on these two findings, the court concluded that "[n]either the parents' nor the child's mental health is at issue."

¶11    Gilcher now appeals the court's final parenting plan based on the court's lack of specific findings regarding Maxie's psychological evaluation. Gilcher claims that the court could not have found Maxie's mental health to be a non-issue if the court had reviewed Maxie's psychological evaluation.

## STANDARD OF REVIEW

¶12    We review a district court's findings of fact in ordering a parenting plan to determine if they are clearly erroneous. *In re Maxwell*, 248 Mont. 189, 193, 810 P.2d 311, 313 (1991). We uphold a district court's decision to modify a parenting arrangement unless the district court has clearly abused its discretion. *Id.*, 810 P.2d at 313; *In re Abrahamson*, 278 Mont. 336, 340, 924 P.2d 1334, 1337 (1996).

## DISCUSSION

¶13    *Did the District Court abuse its discretion when it ordered the final parenting plan without demonstrating that it considered the contents of the court-ordered psychological evaluation?*

4

¶14 The District Court ordered Maxie to obtain a psychological evaluation and to provide a report from the psychological evaluation to the court and counsel. The court ordered that Maxie obtain the psychological evaluation out of its concern regarding Maxie's mental health history, which included suicide attempts, discharge from the Army for mental health reasons, and a diagnosis of a mental health disorder. The court may order a psychological evaluation and report when establishing parenting arrangements for a child. Section 40-4-215(d), MCA.

¶15 As a general rule, the district court is not required to make a specific finding as to each item of evidence, but only of the essential and determining factors upon which the court's conclusions rest. *In re Moseman,* 253 Mont. 28, 31, 830 P.2d 1304, 1306 (1992). This Court consistently has required, however, that the district court make specific findings of fact regarding the conclusions of a custody investigation when the court has ordered such a report pursuant to § 40-4-215, MCA. *Id.,* 830 P.2d at 1306; *In re Ziegler,* 215 Mont. 208, 212, 696 P.2d 983, 986 (1985) (the court abuses its discretion "by not considering the report in the process of reaching its final custody decision"); *In re Bloom-Higham,* 227 Mont. 217, 219-20, 738 P.2d 114, 115-16 (1987) (reversing the district court's custodial decree for failing to receive or consider the court-ordered investigatory report).

¶16 This Court reverses a district court's parenting decree when it cannot "determine if the District Court even considered the report." *In re Moseman,* 253 Mont. at 31, 830 P.2d at 1306; *In re Abrahamson,* 278 Mont. at 341, 924 P.2d at 1337. The District Court found that Maxie had obtained the court-ordered psychological evaluation and had filed the report with

the court. This Court has rejected as insufficient a mere recitation of the fact that the court had ordered and received an investigatory report. *In re Moseman,* 253 Mont. at 31, 830 P.2d at 1306, citing *In re Maxwell,* 248 Mont. 189, 810 P.2d 311 (1991). The District Court must make appropriate findings based on the report so that this Court can verify whether the District Court considered the report. *In re Abrahamson,* 278 Mont. at 341, 924 P.2d at 1337.

¶17   The District Court noted in its only other finding of fact related to mental health that "[n]either party raised any mental issues at this hearing that would affect either parent's ability to parent." This finding also does not indicate whether the District Court considered the psychological report. When the court has ordered the investigation, the court, not the parties, has the obligation to consider the report. We further note that Gilcher, who represented herself pro se at the hearing on December 9, 2009, could not have accessed the sealed psychological report.

¶18   We cannot determine based on the court's findings of fact whether the court considered the report from Maxie's psychological evaluation. Maxie's mental health history raised issues that prompted the District Court to order the psychological evaluation in the first place. We must remand to the District Court to allow it to consider Maxie's psychological evaluation in its findings of fact and determine how that consideration bears on its determination regarding the final parenting plan. *In re Moseman,* 253 Mont. at 31, 830 P.2d at 1306.

¶19   Reversed and remanded.

/S/ BRIAN MORRIS

6

We Concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ JIM RICE